**Larry WARD, Claimant–Appellant,**

v.

**The DURHAM COMPANY,**
**Employer–Respondent,**

**and**

**Division of Employment Security,**
**Respondent.**

**No. SD 29748.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 22, 2010.

Motion for Rehearing and Transfer Denied
Feb. 16, 2010.

Application for Transfer Denied
March 23, 2010.

James Dean McNabb, Springfield, MO, for Appellant.

Rachel Marie Lewis, Jefferson City, MO, for Respondent Division of Employment Security.

GARY W. LYNCH, Presiding Judge.

Larry Ray Ward ("Claimant") appeals the decision of the Labor and Industrial

Relations Commission ("Commission") disqualifying him for waiting week credit and benefits after his discharge from employment with The Durham Company ("Employer") upon a finding that he was discharged for misconduct connected with work. We affirm.

The facts essential to deciding this appeal are undisputed by the parties and are not challenged by Claimant on appeal. Employer had a policy which provided that employees may be asked to take a drug test following any damage to property or injury to a person and that failure to comply could result in discipline up to and including discharge. Claimant was made aware of this policy and its possible consequences at the time he was initially hired by Employer and was aware of it at all relevant times thereafter. On November 3, 2008, Claimant, through inattention, damaged Employer's property. Within a short time thereafter, Claimant's supervisor directed him to submit to a drug test, which Claimant refused to do. Claimant was immediately suspended, and three days later, he was terminated for refusing to take a drug test when asked to do so by his supervisor on November 3, 2008.

Following a determination by the Division of Employment Security that Claimant was discharged for misconduct connected with his work, Claimant was disqualified for waiting week credit and benefits "until [Claimant] has earned wages for insured work equal to six times [Claimant's] weekly benefit amount[.]" Upon Claimant's appeal and following a hearing, the initial determination was affirmed in a written decision by the Appeals Tribunal. Following Claimant's appeal of that decision, the Commission affirmed, adopted, and incorporated in its decision the determination of the Appeals Tribunal. Claim-

ant timely appealed the Commission's decision to this Court.

In his sole point relied on in this appeal, Claimant asserts:

The Division erred in determining that [Claimant] had committed misconduct for refusing to submit to a drug test when the company policy provided he *might* be asked and *could* be terminated for refusing to take a drug test when damage to property occurred. The conclusion that his refusal was "therefore" disqualifying misconduct as defined by [section] 288.030(23) is not supported by the facts found by the commission.

The determination of misconduct connected with work, as challenged by Claimant in this point, is a question of law that this Court reviews *de novo. Dixon v. Stoam Indus., Inc.,* 216 S.W.3d 688, 692 (Mo.App. 2007).

"Misconduct" is defined under section 288.030(1)(23), RSMo Cum.Supp.2006, as follows:

an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his or her employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer[.]

While the statute defines four different types of misconduct in the disjunctive, we need only consider the second—"a deliberate violation of the employer's rules"—to address Claimant's point. "Deliberate" is defined as "characterized by or resulting from careful and thorough consideration." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 329 (11th ed.2005). This definition is con-

sistent with prior cases stating that each type of defined misconduct requires "a showing of culpability on the part of the employee[,]" *Dixon v. Stoam Industries, Inc.*, 216 S.W.3d at 693 (quoting *Dixon v. Div. of Employment Sec.*, 106 S.W.3d 536, 541 (Mo.App.2003)), and that disqualifying " '[w]ork related misconduct' must involve a willful violation of the rules or standards of the employer." *Frisella v. Deuster Elec., Inc.*, 269 S.W.3d 895, 899 (Mo.App. 2008) (citing *Murphy v. Aaron's Auto. Prods.*, 232 S.W.3d 616, 621 (Mo.App. 2007); *Hoover v. Cmty. Blood Ctr.*, 153 S.W.3d 9, 13 (Mo.App.2005)).

Here, Claimant does not challenge the existence, content, applicability, or reasonableness of the Employer's policy giving it the right to require Claimant to submit to the drug test as requested by his supervisor. Nor does Claimant challenge that he deliberately violated that policy when he, with knowledge of the policy and its possible consequences, refused to submit to the drug test as requested. Rather, Claimant asserts that "the issue is whether a refusal to submit to drug testing when the employer may ask and may terminate is ipso facto misconduct." As best as we can discern, Claimant is contending that, because Employer had discretion under its policy to request a drug test after property was damaged and when requested had discretion as to what discipline could be imposed when that request was refused, the Commission thereby had discretion in applying the definition of misconduct to Claimant's conduct. Claimant candidly admits that he found no case on point supporting his position. This is understandable, given that the Commission is required to apply the law subject to *de novo* review and reversal should it fail to do so. Section 288.210; *Dixon v. Stoam*, 216 S.W.3d at 692.

Claimant does not proffer any legal argument as to why his refusal to take the requested drug test was not "a deliberate violation of the employer's rules," i.e., misconduct as defined under section 288.030(23). In the absence of such, we cannot determine that the Commission committed any legal error in finding that Claimant was discharged for misconduct connected with his work. Claimant's point is denied, and the Commission's decision is affirmed.

SCOTT, C.J., and RAHMEYER, J., concur.